# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

ROYCE J. MCCROSKEY,

_____Plaintiff,

vs.                                           CASE NO. CV-08-J-1806-NW

SARA LEE CORPORATION,

     Defendant.

## **MEMORANDUM OPINION**

Pending before the court is defendant's motion for summary judgment (doc. 10), memorandum in support of said motion (doc. 11), and evidence in support of its motion (doc. 12). Plaintiff filed a response (doc. 13) and evidence in support thereof (doc. 14). Defendant filed a reply (doc. 16).

Having considered all the pleadings and submissions, the court concludes that defendant's motion for summary judgment is due to be granted as no genuine issues of material fact remain, and defendant is entitled to a judgment in its favor as a matter of law.

## I. Procedural History

The plaintiff commenced this action by filing a complaint (doc. 1) alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*., and 42 U.S.C. § 1981, against defendant Sara

Lee Corporation ("Sara Lee").  Defendant Sara Lee filed an answer (doc. 4) denying such discrimination and denying that the plaintiff is entitled to any damages.

## II. Factual Background

The plaintiff graduated from high school in 1984.  Plaintiff depo. at 31, Exhibit 1 to Defendant's Summary Judgment.  He was hired by Sara Lee as a temporary employee in 1988.  *Id.* at 43.  On November 8, 1989, Sara Lee hired the plaintiff as a permanent hourly general worker to work in its meat processing facility in Florence, Alabama.  Naumann Decl. ¶ 5, Exhibit 2 to Defendant's Summary Judgment.  The plaintiff worked in various departments for several years until he was promoted  to the position of Lead Person in 1996.  *Id.*  The plaintiff accepted a Supervisor position on June 2, 2000, and he became a salaried employee, making $36,036 per year.  *Id.* at 7.  Over the next several years, the plaintiff received a promotion to the position of Nightshift Production Superintendent and several salary increases.  *Id.* at ¶¶ 8-9.

In June 2007, as the result of acquisitions and in an effort to integrate several formerly autonomous businesses with different compensation policies and practices, Sara Lee implemented a compensation alignment.  *Id.* at ¶ 10.  As a result, the plaintiff's salary was raised to $65,650.  *Id.*  The title of plaintiff's position changed from Nightshift Production Superintendent to Manager, Production II ("Production Manager II").  *Id.*  In October 2007 the plaintiff's salary was $69,489.94.  *Id.* at 11.

2

The plaintiff filed an EEOC Charge of Discrimination in October 2007, alleging that Sara Lee paid Brian Wikel a higher salary than the plaintiff because of the plaintiff's race. EEOC Charge, Exhibit 13 to Defendant's Summary Judgment. However, the plaintiff continues to work for Sara Lee as a Production Manager II. Plaintiff's depo. at 87, Exhibit 1 to Defendant's Summary Judgment.

Brian Wikel graduated from Auburn University with a bachelor of science degree in 1992. Naumann Decl. ¶ 12, Exhibit 2 to Defendant's Summary Judgment. He began working at Sara Lee's West Point, Mississippi facility on April 6, 1992. *Id.* Wikel held the position of Operations Trainee and was later promoted to a Supervisory position, where his annual salary was $35,360. *Id.* at ¶¶ 12-13. In 1995 Wikel was promoted to Area Supervisor of Sausage Operations, and his salary increased to $40,300. *Id.* at ¶ 13. Wikel received additional salary increases and promotions for the next several years, and in January 2007 he was promoted to the position of Change Agent, and his salary was increased to $81,700. *Id.* at ¶¶ 13-14. Sara Lee's West Point facility was closed on March 30, 2007. *Id.* at ¶ 15. On April 1, 2007, he transferred from the West Point facility to the Florence facility, and he accepted the position of Production Manager II. *Id.*

It is the Florence facility's policy and practice to pay a transfer employee the same salary he or she had been receiving so long as the salary is within the pay range

assigned to the new position.  *Id.* at ¶ 16.  Wikel's annual salary of $81,700 fell within the pay range for Production Manager II, which is $57,000 to $92,400. Plaintiff's depo. at 105, Exhibit 1 to Defendant's Summary Judgment.  Sara Lee continued to pay Wikel the same salary he had been earning as a Change Agent. Naumann Decl. ¶ 18, Exhibit 2 to Defendant's Summary Judgment.  The plaintiff eventually discovered that Wikel was being paid more than him, and as a result, he complained to local management at the Florence facility and to Sara Lee's corporate office. Plaintiff's depo. at 168, 172-76, Exhibit 1 to Defendant's Summary Judgment. In response to the plaintiff's October 2007 EEOC Charge, the EEOC determined that it was unable to conclude that the information obtained violated the statutes.  EEOC Dismissal and Notice of Rights, Exhibit AA to Naumann Decl, Exhibit 2 to Defendant's Summary Judgment.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; Fed. R. Civ. Pro. 56(e).  In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial."  Fed. R. Civ. Pro. 56(e); *Matsushita*, 475 U.S. at 587.  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment

unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991). However, the court should not make credibility determinations, nor weigh the parties' evidence. *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).

## IV. Legal Analysis

The plaintiff brings a claim for racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981, based on the above set of facts. A plaintiff may prevail on an employment discrimination claim by either proving that intentional discrimination motivated the employer or producing sufficient evidence to allow a rational trier of fact to disbelieve the legitimate reason proffered by the employer, which permits, but does not compel, the trier of fact to find illegal discrimination. *Wilson v. B/E*

*Aerospace, Inc.*, 376 F.3d 1079, 1088 (11ᵗʰ Cir. 2004) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48, 120 S.Ct. 2097, 2108-09, 147 L.Ed.2d 105 (2000)).

The plaintiff asserts that the above facts constitute race discrimination in regard to the pay disparity between the plaintiff and Brian Wikel.  Because there is no direct evidence of discrimination, the court applies the analysis required for circumstantial evidence.  This court must apply the three prong test fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973).  *See also Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093-94 (1981).  First the plaintiff must establish a *prima facie* case of discrimination.  *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824. Establishment of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the employee.  *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11ᵗʰ Cir. 1997). Assuming the employee meets this burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory employment action.  *Harris v. Shelby County Bd. of Educ.*, 99 F.3d 1078, 1083 (11ᵗʰ Cir. 1996).  The defendant can feasibly present such strong evidence of a nondiscriminatory rationale that summary judgment is warranted. *Brown v. American*

7

*Honda Motor Co., Inc.*, 939 F.2d 946, 950 (11th Cir. 1991), *cert. denied*, 502 U.S. 1058 (1992) (citing *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 596 (11th Cir. 1987)).

Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Burdine*, 450 U.S. at 255, 101 S.Ct. at 1094 and n. 10.  The plaintiff must then demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination.  *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825.  The focus of the case after the defendant meets its burden of production is on the defendant's subjective intent and the motivation behind the defendant's adverse employment action directed at the plaintiff.  *Harris*, 99 F.3d at 1083.

The plaintiff establishes his *prima facie* case of disparate pay by showing that he "occupies a position similar to that of a higher paid employee who is not a member of [his] protected class." *Crawford v. Carroll*, 529 F.3d 961, 974-75 (11th Cir. 2008) (citing *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1019 (11th Cir. 1994)).  The plaintiff's comparator "must be similarly situated 'in all relevant respects.'"  *B/E Aerospace, Inc.*, 376 F.3d at 1091 (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)).  "The comparator must be nearly identical to the plaintiff to prevent

8

courts from second-guessing a reasonable decision by the employer." *Id.* (citing *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001)).  In this case, the plaintiff has failed to meet his *prima facie* case.  The plaintiff, an African American, is a member of a protected class, and he was paid less than Brian Wikel, a Caucasian.  Naumann Decl. ¶ 19, Exhibit 2 to Defendant's Summary Judgment. Both the plaintiff and Brian Wikel held the position of Production Manager II.  *Id.* However, Brian Wikel is not a proper comparator because he is not similarly situated to the plaintiff.  Wikel had a bachelor of science degree from Auburn University, *id.* at ¶ 12, while the plaintiff did not.  The plaintiff was a high school graduate.  Plaintiff depo. at 31, Exhibit 1 to Defendant's Summary Judgment.  *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618-19 (7th Cir. 2000) (considering analogous attributes, experience, *education*, and qualifications relevant to the job when determining whether the plaintiff was similarly situated to his comparators) (emphasis added). Secondly, prior to transferring to the Florence facility, Wikel worked in a different facility, in a different state, and with different supervisors determining his salary. Naumann Decl. ¶¶ 12-15, Exhibit 2 to Defendant's Summary Judgment.  Wikel held the position of Change Agent at the West Point facility, a job that paid $81,700, *id.* at ¶ 14, which was a higher paying position than Production Manager II, *id.* at ¶ 21. Thus, Wikel had been in a superior position than the plaintiff prior to being

9

transferred to Florence. The plaintiff has never been a Change Agent. Therefore, Wikel is not a valid comparator, and the plaintiff cannot establish a *prima facie* case of disparate treatment in pay.

Even if the court assumes that the plaintiff meets the elements of his *prima facie* case, defendant Sara Lee has shown a legitimate, nondiscriminatory reason for the difference between the plaintiff's salary and Wikel's salary. Wikel worked as a Change Agent at the West Point facility, making an annual salary of $81,700. *Id.* at ¶ 14. The Florence facility has a policy and practice to pay a transfer employee the same salary he or she had been receiving so long as the salary is within the pay range assigned to the new position. *Id.* at ¶ 16. As a result, Wikel continued to make the same salary he made at the West Point facility, which was within the pay range of Production Manager II. *Id.* at ¶¶ 17-18. The same policy has been applied to other transfer employees as well. In December 2006 Ronald Fearn, an African American, transferred to the Florence facility from the Tarboro, North Carolina facility. *Id.* at ¶ 23. Fearn was a Materials Manager in North Carolina, with an annual salary of $94,700. *Id.* Fearn replaced Michael Riant, a Caucasian, who made $69,300 annually, and Fearn continued to make $94,700 at the Florence facility. *Id.* Additionally, Damon Williams, an African American, transferred to the Florence facility from the Chicago, Illinois facility as the new Plant Manager, replacing Plant

10

Manager Mike Buckreus, a Caucasian. *Id.* at ¶ 24. Williams' salary at the Florence facility was $142,000, although Buckreus' salary had been $131,040. *Id.*

The court's role is not to act as a super personnel department that second-guesses employers' business judgments. *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000). Because the defendant has set forth a legitimate, non-discriminatory reason for its actions, the plaintiff must come forward with some evidence that such reason was a mere pretext for discrimination. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 771 (11th Cir. 2005). The plaintiff's assertions that Wikel did not transfer from the West Point facility and that Wikel was demoted when he was hired at the Florence facility are incorrect and therefore insufficient to show pretext. Plaintiff's Response Brief at 11-13. The defendant has put forth substantial, non-discriminatory reasons for its decision to pay Wikel a higher salary than the plaintiff. The court is of the opinion that the plaintiff has failed to meet his burden of proof to show that a genuine issue of material fact regarding his Title VII claim and his § 1981 claim remain for trial.

## V. Conclusion

The court finds that the plaintiff has failed to establish any genuine issue of material fact on his Title VII claim and § 1981 claim sufficient to allow this case to proceed to trial, and the court therefore **ORDERS** that the defendant's motion for

summary judgment is due to be and hereby is **GRANTED**.  The plaintiff's claims

shall be dismissed by separate order.

      **DONE** and **ORDERED** this the 30th day of June 2009.

 

                                  _____

                                  INGE PRYTZ JOHNSON
                                  U.S. DISTRICT JUDGE